IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHAUNCEY DEPREE WADE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. MACDONALD, *et al.*, )<br>)<br>Defendants. ) | Case No. 7:21cv00560<br><br>**ORDER**<br><br>By:   Hon. Thomas T. Cullen<br>         United States District Judge |

This matter is before the court on Wade's motion seeking preliminary injunctive relief (ECF No. 20) in this civil action filed under 42 U.S.C. § 1983. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent,

irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

Wade filed this action when he was at the Roanoke City Jail ("RCJ") and named RCJ staff as defendants. (*See* ECF No. 8.) Since filing the action, Wade has been transferred to the Western Virginia Regional Jail ("WVRJ"), where he is currently housed. (*See* ECF No. 31.) In his motion, Wade asks the court to order the defendants to "cease an ongoing condition of cruel [and] unusual punishment" and to "provide [him] with adequate healthcare."[1] Because Wade is no longer incarcerated at the RCJ where all of the defendants are located, the defendants would be unable to provide him the relief he seeks. Accordingly, it is **ORDERED** that Wade's motion (ECF No. 20) is **DENIED**.

The clerk shall send a copy of this Order to the parties.

**ENTERED** this 31st day of March, 2022.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] Specifically, Wade asks the court to issue an injunction compelling the defendants to "reschedule [and] transport [him] to [a] gastrointestinal specialist for [a] necessary endoscopy examination"; restraining Naphcare from "future involvement in [his] primary medical treatment"; restraining Lt. Earls and "his classification department" from "arbitrarily removing [Wade] from general population [and] placing [him] back in deep isolation/segregation because of [his] illness"; and compelling Lt. Earls to "provide [Wade] with a secure means verbal [and] written communication with involved parties and/or witness[es] while discussing legal strategy [and] sensitive facts concerning this civil rights action." (ECF No. 20, at 6.)